ARTHUR W. BLAKE & another *vs.* TRADERS' NATIONAL BANK.

Suffolk. January 30, 1889. — May 11, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, & HOLMES, JJ.

*Trust — Breach by Trustee — Payment by Sureties — Contribution — Subrogation.*

A trustee, to secure his private debt, pledged shares of stock belonging to the trust estate to a bank, which sold them and applied the proceeds on the debt. The executors of a surety on the trustee's bond paid to the trust estate the value of the stock, with interest thereon from and after a certain date, up to which time first the trustee and then a co-surety on his behalf, to conceal the misappropriation and to prevent a further breach of trust, made good to the *cestuis que trust* the dividends on the stock. *Held,* that the executors could not recover from the bank, in addition to the amount paid by them to the trust estate, interest thereon prior to such date and during the time such co-surety paid the dividends.

BILL IN EQUITY, filed June 27, 1884, by the executors of one of two sureties upon the bond of a trustee, to recover the value of shares of stock belonging to the trust estate, which shares had been wrongfully pledged to the defendant by the trustee, and

the proceeds of which it withheld, and the value of which the executors had been compelled to make good to the trust estate. After the former decision, reported 145 Mass. 13, the case was heard upon agreed facts among others, by *Field*, J., who reserved it for the consideration of the full court. The material facts appear in the opinion.

*J. L. Thorndike*, for the plaintiffs.

*H. G. Parker*, for the defendant.

W. ALLEN, J. The defendant sold and applied on the individual debt of the trustee certain shares of stock, which were trust property and had been pledged to it by the trustee. The plaintiffs' testator was a surety on the trustee's bond, and the plaintiffs made good the loss to the trust fund. It was held in 145 Mass. 13, that the plaintiffs were subrogated to the right of the *cestuis que trust,* and could recover of the defendant the amount for which the stock was sold, with interest from the time of the sale. After that decision the defendant was allowed to amend its answer by setting up that the dividends on the shares sold were paid to the *cestuis que trust* by the trustee after the sale, until January 1, 1877, and that the plaintiffs paid only the amount for which the stock was sold by the defendant, with interest thereon from that date. It is agreed that sums equal to the dividends on the stock were paid to the *cestuis que trust,* until April, 1873, by the trustee, and from that time until January, 1877, by the testator's co-surety, without the knowledge of the testator, and that the plaintiffs paid interest only from the time that such payments ceased.

The plaintiffs do not claim that they should recover interest for the time during which the trustee paid the dividends, and the only question is, whether they can recover interest for the time during which the co-surety of their testator paid the dividends. The plaintiffs cannot recover this interest in their own right, because they did not pay it and could not have been subrogated to any rights of the *cestuis que trust* on account of it. The payments by the sureties were several, and not joint. The only ground upon which the plaintiffs can rest a claim is, that they can enforce a right of subrogation acquired by the co-surety when he paid the amounts of the dividends to the *cestuis que trust.* But it does not appear that

any such right was acquired, or could have been enforced by him.

The agreed facts state that the amount of the dividends was accounted for to the *cestuis que trust* to January, 1877 ; that in 1873 the trustee became incapacitated to act, or to make any payments, and that after that time the money was paid by the co-surety, he being aware that the shares had been misappropriated by the trustee, and not disclosing that fact, and it does not appear that any claim has ever been made by him, or in his behalf, on account of such payments, except that set up by the plaintiffs in this proceeding.   With knowledge of all the facts, the co-surety paid the dividends as they became due, and accounted for them for the trustee.

The facts tend to show that he made the payments in behalf of the trustee, to conceal the misappropriation of the stock by him, and to prevent a further breach in not paying the dividends, rather than because of any liability that he was under in consequence of the non-payment.   The purpose of the surety in making the payments seems to have been to prevent any right from accruing to the *cestuis que trust* against the trustee, in consequence of the non-payment.   He was under no obligation to the plaintiff's testator not to make voluntary payments in behalf of the trustee; the payments when made were not such that the maker acquired any right against the defendant; and the plaintiffs' right of contribution against the co-surety cannot give them any right against the defendant.   For these reasons, without considering the other objections argued, we think that the plaintiffs cannot recover interest before January 1, 1877.

*Decree accordingly.*